IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MALLORY & EVANS CONTRACTORS
AND ENGINEERS, LLC,

      Plaintiff,

v.                                                    CASE NO.:1:09-cv-00175-SPM-AK

TRAVELERS CASUALTY & SURETY
CO. OF AMERICA,

      Defendant.
_____/

**MALLORY & EVANS CONTRACTORS AND ENGINEERS, LLC'S
RESPONSE MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER VENUE**

Mallory & Evans Contractors and Engineers, LLC ("Mallory & Evans"), by and through its undersigned counsel and pursuant to Local Rule 7.1(c), hereby responds in opposition to Travelers Casualty & Surety Co. of America's ("Travelers") Motion to Transfer Venue (the "Motion"), and requests that the Court deny the Motion for the following reasons:

In its Motion to Transfer Venue, Travelers bases its argument on a forum selection clause contained in the subcontract between Skanska USA Building Inc. ("Skanska") and Mallory & Evans (the "Subcontract"). This forum selection clause, contained in Section 13.5 of Exhibit E of the Subcontract, provides in pertinent part as follows:

> Contractor and Subcontractor expressly and unconditionally (a) agree that the presiding federal or state court in the district or state in which Contractor's home office from which the Project is being performed is located shall have exclusive jurisdiction over the action or proceeding…

ORLDOCS 11654838 1

1

(D.E. 18-9, pp. 39 of 45, §13.5). Section 5 of Exhibit N of the Subcontract modifies the forum selection clause to allow Skanska's surety to enforce the provisions of Section 13.5 in the event Mallory & Evans initiated litigation against the surety. (D.E. 18-10, p. 37 of 52, §5). These Subcontract provisions ostensibly support Traveler's Motion but, when read in light of the pertinent statute and case law, these provisions are undermined by Florida Statute §713.24 which governs the venue of this type of action.

Section 713.24, which deals with liens transferred to security, provides in pertinent part as follows:

> (3) Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited…

This indicates that the proper venue for an action on a lien that has been transferred to security is the venue in which the security was deposited. In the instant case, Skanska transferred Mallory & Evans' lien to a bond which it recorded in Alachua County. Therefore, according to §713.24, the proper venue for this action is Alachua County which necessitates the maintenance of this action in the Northern District of Florida.

The case law supports this position as well. The Fourth District has clearly held that despite the existence of a valid forum selection clause, a suit was properly maintained in the county where the transfer bond was filed. *Miller & Solomon General Contractors, Inc. v. Brennan's Glass Co., Inc.*, 837 So. 2d 1182 (Fla. 4th DCA 2003). In *Miller & Solomon*, a subcontractor filed a claim of lien which was subsequently transferred to a bond recorded in Broward County. *Id.* at 1183. The subcontractor filed its suit in Broward County but the general

contractor moved to transfer venue to Dade County, the county specified in the forum selection clause of the subcontract. *Id.* In affirming the trial court's denial of the motion to transfer venue, the Fourth DCA noted that the action on the lien claim was validly filed in Broward County and the bond to which it was transferred was filed in Broward County. *Id.* at 1184. The court concluded that since venue on the bond is proper in Broward County, it was proper for the entire action to remain in Broward County despite the contrary forum selection clause. *Id.*

The primary basis for the court's reasoning was its concern that if the venue was transferred, it would open the possibility for additional suits against the bond being litigated in different forums and potentially having conflicting results. *Id.* Applying this reasoning to the instant case, Mallory & Evans' action is properly filed and should properly stay in this Court which encompasses Alachua County, the county where Mallory & Evans' lien was filed and where Travelers' bond was filed.

The same court in an earlier decision discussed the perils involved with transferring venue of an action where it might result in a conflicting ruling. In *Morganti South, Inc. v. Hardy Contractors, Inc.,* 397 So. 2d 378 (Fla. 4th DCA 1981), which involved a venue dispute based on a lien transferred to a bond pursuant to §713.24, the court dispensed with the parties' arguments regarding in rem jurisdiction and concluded that the venue issue is summarily resolved by the straightforward language of §713.24(3). *Id.* at 379. The court held that the statute "is mandatory to the extent that any suit to recover on such security must be brought in the county where the security is deposited." *Id.* Noting that various parties may have an interest in bringing suit on the security for one reason or another, the court reasoned it would be "totally unworkable and impracticable to have suits pending in different counties which might well result in

inconsistent rulings... . This would be the result were the above statute viewed as merely directory or permissive." *Id.*

Touching on the same concern of conflicting results, the First DCA has agreed that venue is proper in the county in which the bond was filed. In *Carlson-Southeast Corp. v. Geolithic, Inc.*, 530 So. 2d 1069, 1070 (Fla. 1st DCA 1988), a subcontractor filed suit in its home county of Duval for a claim against a payment bond on a project which was located in Broward County. The payment bond was recorded in Broward County. *Id.* The general contractor moved to transfer venue to Broward County arguing that venue was proper only in Broward County because the payment bond under which the subcontractor was claiming was deposited and recorded in Broward County. *Id.* at 1071. After the trial court denied this motion, the First District reversed on appeal and instead held that "the action must be brought in the county where the security is deposited... ." *Id.* at 1073. The court reasoned that agreements wherein the parties agreed to a venue should be enforced *except where "it appears that multiple suits will be filed and enforcement of a venue provision could generate conflicting results in different courts." Id.*, citing *Halls Ceramic Tile, Inc v. Tiede-Zoller Tile Corp.*, 522 So. 2d 111 (Fla. 5th DCA 1988) (emphasis added).

In its Motion, Travelers has pointed out that this Court has authority under the Subcontract's forum selection clause to transfer this action pursuant to 28 U.S.C. §1404(a). (D.E. 34, p. 4 of 8). §1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district where it *might* have been brought." (emphasis added). §1404(a) does not impose a mandatory obligation on courts. Instead, a court may elect to transfer venue where appropriate. However, when read in light of the countervailing Florida Statute §713.24 and related case law, the venue question must

ORLDOCS 11654838 1

be decided in favor of maintaining venue in the Northern District. §713.24 is quite clear on this matter and the supporting case law discussed above highlights the interests of judicial expediency that cause the statutory venue provision to outweigh a forum selection clause.

For the foregoing reasons, chief among them the interest of judicial consistency as contemplated in §713.24, Plaintiff, Mallory & Evans Contractors and Engineers, LLC, respectfully requests that this Honorable Court deny Defendant Travelers' Motion to Transfer Venue.

                                            **s/ William L. Grant**

|  | |
|---|---|
|  | WILLIAM L. GRANT, ESQUIRE |
|  | Fla. Bar No. 0898643 |
|  | SHUTTS & BOWEN, LLP |
|  | 300 South Orange Avenue, Suite 1000 |
|  | Orlando, FL 32801-5403 |
| ***Mailing Address:*** | Post Office Box 4956 |
|  | Orlando, Florida 32802-4956 |
|  | (407) 423-3200 |
|  | (407) 425-8316 (Facsimile) |
|  | Attorneys For Mallory & Evans |

ORLDOCS 11654838 1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically this 2nd day of Nov. 2009 to: David Adelstein and Douglas W. Ackerman, 200 South Orange Avenue, Suite 1950, Orlando, Florida 32801.

WILLIAM L. GRANT, ESQUIRE